IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **FREDDIE EUGENE WOOD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:17-cv-494-MHT-DAB |
| | ) |
| **JACKSON HOSPITAL, et al.,** | ) |
| | ) |
| Defendants. | ) |

**REPORT and RECOMMENDATION**

This matter is before the Court on various motions to dismiss and strike (Doc. Nos. 9, 12, 13, and 29), the Court's Order to Show Cause (Doc. No. 18) why supplemental jurisdiction ought not be declined and Plaintiff's motion (Doc. No. 37) for additional time to file an amended complaint.. As it stands, Plaintiff's complaint asserts fourteen[1] causes of action against Defendants. (Doc. 1). The first twelve counts are state law claims for negligence (Counts 1 and 9), negligent supervision (Count 2), fraudulent misrepresentation (Counts 3, 4, 5, 6, and 10), libel (Counts 7 and 11), negligent infliction of emotional distress (Count 8), and tortious interference with a business relationship (Count 12). The last two counts assert federal claims for violations of the Disability Act and the Social Security Act. (Counts 13 and 15).

The claims in this case arise from events at Jackson Memorial Hospital when Plaintiff presented there for treatment and medication and Plaintiff's subsequent complaints about that treatment.

With respect to the federal claims, all Defendants have filed motions to dismiss, and at oral argument, the Court expressed confusion as to the exact basis and gravamen of Plaintiff's legal theories. As a result, Plaintiff now seeks additional time to file an amended complaint, presumably to address these concerns, if he can. The Court deems this request in essence to be a concession that the motions to dismiss are well taken, subject to the right to file an amendment. Accordingly, it is recommended that

---

[1] The complaint includes a count numbered fifteen, but there are only a total of fourteen claims as the complaint skips from Count 13 to Count 15 with no numbered Count 14.

the motions to dismiss (Doc. Nos. 9, 12, and 13) be **GRANTED** without prejudice to Plaintiff filing an amended complaint within 10 days of any order adopting this Report and Recommendation and that the motion to strike (Doc. No. 29) and for extension of time (Doc. 37) be **DENIED** as moot.

With regard to the state law claims, the Court must determine whether to exercise supplemental jurisdiction. The Plaintiff and all of the Defendants are citizens of Alabama, and thus diversity jurisdiction is lacking. Rather, Plaintiff seeks to invoke this court's original jurisdiction based on alleged violations of 42 U.S.C. § 12102 and 42 U.S.C. § 1395dd in Counts 13 and 15, and the court's supplemental jurisdiction over the state law claims in Counts 1 through 12 under 28 U.S.C. § 1367.

In pertinent part, 28 U.S.C. § 1367 provides,

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C.A. § 1367(a). However, the court may decline to exercise supplemental jurisdiction over a claim that "substantially predominates over the claim or claims over which the district court has original jurisdiction." *Id.* § 1367(c)(2).

Based on the court's review of the complaint, the Court concludes supplemental jurisdiction should not be exercised in these circumstances. The federal claims raised in the last two counts (Counts 13 and 15) are narrow and statutorily prescribed causes of action. Their specific elements are distinct from the wide-ranging state law torts alleged in the rest of the Complaint. While there is some minor factual overlap as to what occurred at the hospital, the tort claims mushroom out from there and encompass factual development and legal analysis far from the requirements of federal law. For example, it is hard to draw any connection between the federal claims and the regulatory and licensing responsibilities of the Board of Medical Examiners or Plaintiff's assertions of fraud. Further, the state law causes of action asserted in Counts 1 through 12 appear to predominate over the federal claims asserted in Counts 13 and 15.

Accordingly, it is further recommended that the Court decline to exercise supplemental jurisdiction over any of Plaintiff's state law claims and that Plaintiff's amended complaint be limited to federal causes of action.

It is **ORDERED** that the parties shall file any objections to this Recommendation on or before **December 12, 2017.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**Respectfully recommended** this 28th day of November, 2017.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE