IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| FREDDIE EUGENE WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:17cv494-MHT |
| | ) | (WO) |
| JACKSON HOSPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

Pursuant to a variety of federal statutes and state law, plaintiff filed this lawsuit against a number of healthcare providers and the state medical board and its investigator contending that defendants discriminated against him on the basis of disability, committed fraud, libeled him, acted with negligence, and illegally denied him and/or tortuously interfered with his efforts to obtain medical care. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that defendants' motions to dismiss plaintiff's case be granted as to his federal claims, and

that the court decline to exercise supplemental jurisdiction over plaintiff's state-law claims. Also before the court are plaintiff's objections to the recommendation.

After an independent and de novo review of the record, the court concludes that plaintiff's objections should be overruled and the magistrate judge's recommendation adopted. A few points are worth noting. First, while plaintiff states that he wants to file a second amended complaint, he has never filed a motion to do so. Second, plaintiff objected that it was not clear that the magistrate judge had listened to the recording he submitted as an exhibit to the first amended complaint, see Exhibit D (doc. no. 43-5). The court has listened to the recording plaintiff submitted as an exhibit to the first amended complaint, and it does not change the outcome of this case. Finally, while the court here, as a matter of discretion, declines to exercise jurisdiction over plaintiff's state-law claims

due to the dismissal of all federal claims, *see* 28 U.S.C. § 1367(c)(3), the court in any case would not have jurisdiction over the state-law claims against the state medical board and its employee in his official capacity; assuming the state medical board is an arm of the State, the Eleventh Amendment would prevent this court from hearing those claims. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 106 (1984) (the Eleventh Amendment bars the adjudication of pendent state-law claims against nonconsenting state defendants in federal court); *Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 542 (2002) (28 U.S.C. § 1367(a)'s grant of supplemental jurisdiction does not extend to state-law claims against nonconsenting state defendants.)

An appropriate judgment will be entered.

DONE, this the 27th day of September, 2018.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

3